UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY V. KIMBLE, | No. 2:15-cv-2488 CKD P |
| Petitioner, | |
| v. | ORDER |
| MONTGOMERY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee for this action. Petitioner challenges his 2008 conviction and sentence for violating Cal. Penal Code § 646.9(a), for which he is serving a state prison term of 26 years to life. (ECF No. 1.)

Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; see Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

////

Here, the petition does not meet the pleading requirements of Rule 2(c) and Rule 4. The court will dismiss the petition on this basis; however, petitioner will be granted thirty days to file an amended petition that complies with these rules. To clarify what claims he seeks to bring under § 2254, petitioner may attach his state court briefs and/or state court decisions on those claims.

In addition, it is not clear whether petitioner has exhausted his federal claims in the California Supreme Court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). While petitioner has checked the box on the court's § 2254 form indicating that he has appealed to the state supreme court, he does not specify the claims brought, the date of decision, or any other information about the state supreme court proceeding. (ECF No. 1 at 2-3.) In any amended petition, petitioner should include this information.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: December 11, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / kimb2488.R2(c)

---

[1] By setting this deadline, the court is making no finding or representation that the petition is not subject to dismissal as untimely.

2