UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY V. KIMBLE, | No. 2:15-cv-2488 MCE CKD P |
| Petitioner, | |
| v. | ORDER |
| MONTGOMERY, | |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the operative amended petition, he challenges his 2008 conviction for stalking in violation of Cal. Penal Code § 646.9(a), for which is he serving a prison term of 26 years to life. (ECF No. 5.) The petition is fully briefed. (ECF Nos. 15 & 23.)

Shortly after filing a traverse, petitioner filed a motion to compel and a motion for evidentiary hearing, now before this court. (ECF Nos. 24 & 26.) Respondent has opposed the latter motion. (ECF No. 27.)

II. Motion to Compel

Petitioner seeks an order compelling respondent to lodge a certain document from petitioner's direct appeal: "Request for Leave to File Supplemental Reply Brief to Correct Factual Error," filed by petitioner's counsel on February 19, 2014. (ECF No. 24.)

1

On January 27, 2016, this court ordered that respondent's answer "shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition." (ECF No. 7.) Respondent lodged ten documents, including petitioner's Supplemental Reply Brief on appeal. (ECF Nos. 16 & 17.) At this time the court has no reason to believe that respondent has not included all relevant materials. After a thorough review of the merits of petitioner's claims, the court will sua sponte issue an order for supplementation of the record should it find it necessary. Thus petitioner's motion to compel will be denied.

III.  Motion for Evidentiary Hearing

Petitioner also moves for an evidentiary hearing on the issues presented in his habeas petition. (ECF No. 26.) Petitioner's claims were denied on the merits by the state courts. (See ECF No. 15.)

The statutory limitations of federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Because the state courts denied petitioner's claims on the merits, his federal habeas claims are subject to AEDPA review. In Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011), the Supreme Court held that federal habeas review under § 2254(d)(1) and § 2254(d)(2) is limited to the record that was before the state court that adjudicated the claim on the merits. See Sully v. Ayers, 725 F.3d 1057, 1075-76 (9th Cir. 2013) ("[A]n evidentiary hearing is pointless once the district court has determined that § 2254 precludes habeas relief.").

////

1    Nothing in petitioner's motion warrants an evidentiary hearing under the standard set forth
2 above.  However, until the court has the opportunity to conduct a thorough review of the merits of
3 petitioner's claims, it cannot determine whether an evidentiary hearing is called for in this case.
4 Following such a review, the court will sua sponte issue an order for evidentiary hearing should it
5 find that such a hearing is necessary.
6    For these reasons, both of petitioner's motions will be denied without prejudice to their
7 sua sponte reconsideration by the court.
8    Accordingly, IT IS HEREBY ORDERED that petitioner's motions (ECF Nos. 24 & 26)
9 are denied without prejudice to their sua sponte reconsideration, should the court conclude that an
10 evidentiary hearing and/or supplementation of the record is necessary upon review of the merits
11 of petitioner's claims.

Dated:  November 10, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / kimb2488.evid