IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KELLY V. KIMBLE,<br><br>      Petitioner,<br><br>vs.<br><br>WARREN L. MONTGOMERY, Warden,<br>Calipatria State Prison,<br><br>      Respondent. | No. 2:15-cv-02488-JKS<br><br>MEMORANDUM DECISION |
|---|---|

  Kelly V. Kimble, a California state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Kimble is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at Calipatria State Prison. Respondent has answered, and Kimble has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

  On February 20, 2007, Kimble was charged with stalking his girlfriend. The information further alleged that he had previously suffered convictions for two prior strikes. The first conviction occurred on November 18, 1997, and was for attempted kidnapping. The second conviction, for criminal threats, occurred on February 6, 2006. After a jury trial, Kimble was found guilty of stalking and sentenced to 25 years to life imprisonment. The California Court of Appeal affirmed Kimble's conviction. *People v. Kimble*, No. C606478, 2009 WL 5067654, at *3 (Cal. Ct. App. Dec. 28, 2009). In the Petition before this Court, Kimble does not challenge that conviction directly,[1] but rather challenges the state courts' denial of his November 2012

---

  [1]  It does not appear that Kimble filed a federal habeas petition under 28 U.S.C. § 2254 based on that conviction, and this Petition therefore cannot be characterized as a second or successive habeas corpus application under 28 U.S.C. § 2244(b). And because his claims are

petition requesting resentencing under California's Three Strikes Reform Act of 2012.[2] On direct appeal of the California Superior Court's denial of that petition, the Court of Appeal laid out the following facts underlying this case:

> In 2008, a jury found [Kimble] guilty of stalking his girlfriend and the court sentenced him to prison for 25 years to life under the three strikes law because he also had prior convictions for attempted kidnapping and criminal threats. The stalking trial included evidence that [Kimble] slapped his girlfriend so hard she could not hear for three days and repeatedly threatened to kill her and then her parents.
> Four years after [Kimble's] three strikes sentence, the electorate passed the Three Strikes Reform Act. Under the Three Strikes Reform Act, "prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." If a defendant such as the one here satisfies certain criteria, "the petitioner shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."
> In the trial court, [Kimble] argued in his written motion that his "sentence reduction . . . c[ould] only be denied following a hearing where the prosecution proves by a preponderance of the evidence that resentencing [him] . . . would pose a current, unreasonable risk to public safety." "In determining whether resentencing [him] would pose an unreasonable risk to public safety, th[e trial] [c]ourt must assess [his] current danger to the community." And "there [wa]s insufficient evidence for the court to make a finding that [he] presents a current, unreasonable danger to public safety."

---

not directed at his underlying conviction and sentence, the Petition is not second or successive in any event. *See Tuggle v. M.E. Spearman, Warden*, No. 2:14-cv-1680, 2015 WL 1612000, at *1 (E.D. Cal. Apr. 6, 2015) (where a habeas petition challenges a state court's denial of a motion to reconsider his sentence under Three Strikes Reform Act of 2012 the petition is not "second or successive" under § 2244); *see also Hill v. State of Alaska*, 297 F.3d 895, 897–99 (9th Cir. 2002) ("[T]he Supreme Court has declined to read § 2244 to preclude prisoners from bringing habeas claims that could not have been brought in earlier petitions.")).

[2]  *See* CAL. PENAL CODE § 1170.126. Section 1170.126 "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." *People v. Yearwood*, 151 Cal. Rptr. 3d 901, 903 (Cal. Ct. App. 2013).

> As [Kimble] requested, the trial court held a hearing at which the court considered evidence of dangerousness presented by the People. The court also considered the evidence [Kimble] had submitted and allowed [Kimble] to testify.
>
> The court then found that [Kimble] would "be an unreasonable risk of danger to the public if released." The court explained its finding as follows: his prior criminal acts "involved physical violence"; "whenever he was placed on probation, he violated probation"; [w]hen he was on parole, he violated parole"; while in prison for the current offense, he "continues to defy authority year after year . . . [a]nd in both 2009 and again in 2010, he assault [ed] another inmate";and "[h]is other activities include letter writing to other prisoners wherein he brags to other prisoners about his future plans to hustle and his apparent continued gang ties which . . . are apparent by his refusal to move from his cell in the Butte County Jail for gang related reasons."

*People v. Kimble*, No. C073819, 2014 WL 3401249, at *1 (Cal. Ct. App. July 14, 2014).

Through counsel, Kimble appealed the denial, arguing that a jury was required to find him dangerous beyond a reasonable doubt or, in the alternative, the finding of dangerousness should have been made by the trial court upon a showing of clear and convincing evidence rather than preponderance of the evidence. The Court of Appeal affirmed the trial court's order denying Kimble's petition for resentencing in a reasoned, unpublished opinion issued on July 14, 2014. *Id.* at *3. The Court of Appeal followed the decision in *People v. Superior Court (Kaulick)*, 155 Cal. Rptr. 3d 856, 872-75 (Cal. Ct. App. 2013), and concluded that "a court's discretionary decision to decline to modify the sentence in his favor can be based on any otherwise appropriate factor (i.e., dangerousness), and such factor need not be established by proof beyond a reasonable doubt to a jury." *Kimble*, 2014 WL 3401249, at *2 (quoting *Kaulick*, 155 Cal. Rptr. 3d at 874). The appellate court likewise agreed with the *Kaulick* court that the proper standard of proof is preponderance of the evidence. *Id.* Kimble petitioned for review in the California Supreme Court, which was summarily denied on October 1, 2014. Kimble's state-court case became final for AEDPA purposes when the 90-day window for seeking review in the

United States Supreme Court lapsed on January 1, 2015. *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003).

Kimble timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on December 29, 2015. *See* 28 U.S.C. § 2244(d)(1)(A). Briefing is now complete, and the case has been reassigned to the undersigned judge for adjudication.

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Kimble challenges the state courts' denial of his petition for resentencing under the Three Strikes Reform Act on the same grounds raised on direct appeal. Specifically, Kimble contends that: 1) a jury was required to find him dangerous beyond a reasonable doubt for the trial court to deny his petition for resentencing; and 2) in the alternative, the trial court should have made the dangerousness finding "upon a showing of clear and convincing evidence."

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner

5

rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

Kimble's Petition raises two grounds for federal habeas relief, both relating to the trial court's failure to recall his sentence and resentence him under the Three Strikes Reform Act of 2012. However, courts in this circuit have consistently found that challenges to the denial of a resentencing under the Three Strikes Reform Act do not implicate a federal constitutional right. *See, e.g.*, *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1178 (C.D. Cal. 2014) (dismissing a federal habeas petition where the petitioner was denied resentencing for his robbery conviction because the issue involved purely the application or interpretation of state law); *Mitchell v. Soto*, No. 2:14-cv-1438, 2015 WL 1119683, at *5 (E.D. Cal. Mar. 11, 2015) (stating that federal courts in California are bound by the state courts' conclusion that a petitioner is not eligible for resentencing under the Three Strikes Reform Act); *Tuggle v. Perez*, No. 2:14-cv-1680, 2016 WL 1377790, *7 (E.D. Cal. Apr. 17, 2016) (citing several cases to support statement that "[n]o federal court has found federal challenges to the Three Strikes Reform Act to be cognizable in federal habeas").

Although he attempts to frame his claims within the federal constitution, Kimble is essentially challenging the failure of the state courts to resentence him under state law. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a petitioner cannot transform a state-law issue into a federal one by simply asserting a due process violation). As explained above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting *Estelle*, 502 U.S. at 67). "Absent

a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[s]tate courts are the ultimate expositors of state law," and a federal habeas court is bound by the state's construction except when it appears that its interpretation is "an obvious subterfuge to evade the consideration of a federal issue"). So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." *Makal v. Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976).

On federal habeas review, the question "is not whether the state sentencer committed state-law error," but whether the sentence imposed on the petitioner is "so arbitrary or capricious" as to constitute an independent due process violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Kimble has not demonstrated that the state court's refusal to resentence him under § 1170.126 was erroneous, let alone "so arbitrary or capricious" as to violate due process. Both the Superior Court and the California Court of Appeal found that Kimble was ineligible for relief because the nature of his prior strikes and his prior criminal history demonstrated that he presented an unreasonable risk of danger to public safety, and this Court is bound by that interpretation of state law. Because Kimble was not entitled to re-sentencing under state law, the failure to grant him such relief could not have deprived him of any federally protected right. *See Johnson v. Spearman*, No. CV 13-3021, 2013 WL 3053043, at *3 (C.D. Cal. June 10, 2013).

And even considered on the merits, Kimble's federal constitutional claims fail. Ground 1 of his Petition alleges that the dangerousness finding had to be submitted to a jury. Kimble cited

on direct appeal to the United States Supreme Court's decision in *Alleyne v. United States*, which requires that facts which increase a mandatory minimum sentence must be proven to a jury beyond a reasonable doubt. 133 S. Ct. 2151, 2155 (2013). However, Kimble does not cite to, and this Court is unaware of, any authority of the United States Supreme Court that holds that *Alleyne's* holding is applicable to proceedings to modify a lawful sentence that has already been imposed. To the contrary, the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), weighs against such argument. The Supreme Court in *Dillon* held that proceedings under 18 U.S.C. § 3582(c)(2)[3] "do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." *Id.* at 828. In articulating its holding, the *Dillon* court emphasized that, unlike other sentencing proceedings, facts found by a judge at proceedings under 18 U.S.C. § 3582(c)(2) "do not serve to increase the prescribed range of punishment" *Id*. The same holds true for proceedings under the Three Strikes Reform Act, which is "an ameliorative provision, and can only decrease a petitioner's sentence." *Andrade v. Frauenheim*, No. 1:16-cv-01701, 2016 WL 7210121, at *2 (E.D. Cal. Dec. 12, 2016). Other district courts in this circuit have rejected arguments that *Alleyne* (or any other progeny of

---

[3]   That statute reads:

   [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

8

*Apprendi v. New Jersey*, 530 U.S. 466 (2000)[4]) apply to state court ineligibility determinations under the Three Strikes Reform Act. *See, e.g.*, *Carrillo v. Fisher*, No. CV 16-7561-E, 2017 WL 540943 (C.D. Cal. Feb. 2, 2017); *Olivarez v. Lizarraga*, No. 1:14-cv-01354, 2015 WL 521431, at *2 (E.D. Cal. Feb. 9, 2015) (distinguishing *Apprendi* as applicable only to proceedings which, unlike those under the Strikes Reform Act, may increase a sentence).

In Ground 2 of his Petition, Kimble contends that "due process . . . requires that the [dangerousness] finding be made upon a showing of clear and convincing evidence." Here, however, the California courts have concluded that, under state law, the proper standard of proof under § 1170.126 is the preponderance of the evidence. Kimble has not, and indeed cannot, cite to any authority of the United States Supreme Court requiring otherwise. The decision of the California state courts that the denial of Kimble's request for resentencing under § 1170.126 did not violate due process is thus not contrary to or an unreasonable application of United States Supreme Court authority. Accordingly, Kimble is not entitled to relief on either of his claims.

## V. CONCLUSION AND ORDER

Kimble is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[4] In *Apprendi*, the U.S. Supreme Court considered whether the Due Process Clause "requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt." 530 U.S. at 468. The Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the proscribed maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: September 11, 2017.

                 /s/James K. Singleton, Jr.
                 JAMES K. SINGLETON, JR.
                 Senior United States District Judge